Todd M. Friedman (216752)
Darin Shaw (251037)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877 206-4741
Fax: 866 633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH RUFFALO,   ) Case No. CV 11 3292 DMR
                  )
Plaintiff,        ) COMPLAINT FOR VIOLATION
                  ) OF FEDERAL FAIR DEBT
vs.               ) COLLECTION PRACTICES ACT
                  ) AND ROSENTHAL FAIR DEBT
SAGE CAPITAL RECOVERY, LLC ) COLLECTION PRACTICES ACT
AND PINNACLE CREDIT )
SERVICES, LLC,    )
                  )
Defendants.       )
_____)

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Joseph Ruffalo ("Plaintiff"), is a natural person residing in Contra Costa county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal Civ Code 1788.2(h).

4. At all relevant times herein, Defendant, Sage Capital Recovery, LLC ("Defendant Sage") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant Sage regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

5. At all relevant times herein, Defendant, Pinnacle Credit Services, LLC ("Defendant Pinnacle") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant Pinnacle regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant Pinnacle hired Defendant Sage to contact Plaintiff in an attempt to collect an alleged outstanding debt.

6. Defendant Sage called Plaintiff more than twice in one day, and on occasion more than five times in one day.

7. On March 7, 2011, Defendant Sage states that Defendant Pinnacle had come to their office wanting to file an involuntary bankruptcy in Federal Bankruptcy court against Plaintiff. Defendant Sage further stated they would file a complaint in local court wherever Plaintiff resides. Defendant Sage states that the matter is very serious, but at no point identifies that the call is regarding an alleged debt, nor is the debt identified.

8. In the March 7, 2011, voicemail, Defendant Sage fails to identify itself by name, or as a debt collector. Plaintiff did not receive notice of his right to dispute the alleged debt in writing from Defendant Sage or Defendant Pinnacle.

9. On March 16, 2001, after identifying the company that left the March 7, 2011, voicemail as Defendant Sage, Plaintiff's counsel sent a letter requesting verification of the alleged debt.

10. According to Defendant Sage, the account that is the basis for the alleged debt that Defendant Sage was attempting to collect from Plaintiff is owned by Defendant Pinnacle. Defendant Sage has represented the alleged debt as credit card debt. Neither Defendant Sage nor Defendant Pinnacle has provided Plaintiff with verification of the alleged debt. Defendant Sage is not a law firm with licensed California attorneys.

11. Defendant Sage's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff, including but not limited to, calling more than twice in one day (§1692c(a)(1));

    b) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including, but not limited to, calling more than twice in one day (§1692d(5));

    c) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff, including, but not limited to, calling more than twice in one day (Cal Civ Code §1788.11(d));

    d) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances, including, but not limited to, calling more than twice in one day (Cal Civ Code §1788.11(e));

    e) Falsely representing or implying that nonpayment of Plaintiff's debt would result in the seizure, garnishment, attachment, or sale of Plaintiff's property or wages,

where such action is not lawful or Defendant did not intend to take such action, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e(4));

f) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e(5));

g) Falsely representing the character, amount, or legal status of Plaintiff's debt, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e(2)(A));

h) Falsely representing that an individual is an attorney, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e(3));

i) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e(11));

j) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11));

k) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, including, but not limited to, stating that Defendant Pinnacle had

requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692d));

l) Threatening Plaintiff that nonpayment of Plaintiff's debt may result in the arrest of Plaintiff or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of Plaintiff, where such action was not in fact contemplated by the debt collector and permitted by the law, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (Cal Civ Code §1788.10(e));

m) Threatening to take an action against Plaintiff that is prohibited by §1788 of the California Civil Code, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (Cal Civ Code §1788.10(f));

n) Communicating with Plaintiff other than in the name either of the debt collector or the person on whose behalf the debt collector is acting, including, but not limited to, failing to identify the name of Defendant Sage in a call to Plaintiff (Cal Civ Code §1788.13(a));

o) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (Cal Civ Code §1788.13(j));

p) Falsely using a business, company or organization name other than the true name of Defendant's business, company or organization, including, but not limited to, failing to identify the name of Defendant Sage in a call to Plaintiff (§1692e(14)); and

q) Using false, deceptive, or misleading representations or means in connection with collection of a debt, , including, but not limited to, stating that Defendant Pinnacle had requested to file an involuntary bankruptcy and complaint against Plaintiff (§1692e)).

12. As Defendant Sage was acting as an agent of Defendant Pinnacle, Defendant Pinnacle is also responsible for Defendant Sage's violations.

13. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant Sage and Defendant Pinnacle are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Sage and Defendant Pinnacle for the following:

A. Declaratory judgment that Defendant Sage and Defendant Pinnacle conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AS TO BOTH DEFENDANTS

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant Sage's and Defendant Pinnacle's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant Sage and Defendant Pinnacle for the following:

A. Declaratory judgment that Defendant Sage's and Defendant Pinnacle's conduct violated the RFDCPA;
B. Actual damages;
C. Statutory damages for willful and negligent violations;
D. Costs and reasonable attorney's fees,
E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 1st day of July, 2011.

By: _____
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff